IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-351-F-13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| RYAN MEYERS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 5 December 2012, for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in 2 counts of a 24-count indictment filed on 24 October 2012 with the following offenses: conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning about January of 2006 and continuing through 24 October 2012 in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); and possession of

pseudoephedrine with the intent to manufacture methamphetamine on about 1 January 2006 and continuing through about 25 January 2012 in violation of 21 U.S.C. § 841(c)(1) (ct. 21).

The evidence presented at the hearing showed that the charges arise from a sophisticated conspiracy lasting for more than five years involving the production of over five kilograms of methamphetamine, arrangements with numerous people to obtain supplies for the production of methamphetamine, and the use of firearms to protect the methamphetamine production facility. Defendant supplied over 720 grams of pseudoephedrine in furtherance of the conspiracy. He purchased pseudoephedrine as recently as 16 November 2012.

In a search of defendant's premises at the time of his arrest on 29 November 2012, police found the residue of methamphetamine manufacturing in a trashcan outside the residence and supplies used in the manufacture of methamphetamine inside. Additional methamphetamine supplies were found in the barn on the same lot. Defendant threw to the ground two straws ostensibly used for snorting methamphetamine as he exited the residence at the direction of arresting officers.

After six to seven hours at the location, police located co-conspirator Teresa Darden hiding in a bedroom. In a subsequent statement to authorities, Darden admitted that upon seeing officers arriving at the residence, defendant instructed her to hide. She also admitted that a man had cooked methamphetamine the night before in the barn and that defendant had checked on the cooking throughout the evening. She further reported that she, defendant, and the other man ingested the methamphetamine after it was cooked and that defendant had assisted with disposal of the residue from the cook.

Three children live at the residence, although there was no evidence that they were present at the time of defendant's arrest or the night before. The court finds that defendant is addicted to methamphetamine.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the scale, sophistication, and duration of the drug conspiracy, and defendant's use of methamphetamine and participation in the cooking of it on the premises where three children reside; defendant's criminal record, including eight misdemeanor convictions, commission of three such offenses while on probation, and one probation revocation based, in part, on absconding; defendant's methamphetamine addiction; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from the home for work and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

3

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of December 2012.

James E. Gates
United States Magistrate Judge

4